<u>UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK</u>

STEFANIE K.,[1]

                              Plaintiff,

-against-                                            5:24-CV-489 (LEK/DJS)

FRANK BISIGNANO
*Commissioner of Social Security*,

                              Defendant.

## **MEMORANDUM-DECISION AND ORDER**

**I.    INTRODUCTION**

On April 8, 2024, Plaintiff Stefanie K. brought this action pursuant to 42 U.S.C. § 405(g), seeking review of a decision by the Commissioner of Social Security. Dkt. No. 1. Both parties filed motions for judgment on the pleadings. Dkt. No. 17 ("Plaintiff's Motion"), Dkt. No. 23 ("Defendant's Motion"). On April 8, 2025, the Honorable Daniel J. Stewart, United States Magistrate Judge, issued a report and recommendation pursuant to 28 U.S.C. § 636(b) and Local Rule 72.3(d). Dkt. No. 24 ("Report and Recommendation"). In the Report and Recommendation, Judge Stewart recommended that Plaintiff's Motion be granted, Defendant's Motion be denied, and Defendant's decision denying Plaintiff disability benefits be remanded for further proceedings. *Id.* at 12–13.

---

[1] In accordance with the guidance from the Committee on Court Administration and Case Management of the Judicial Conference of the United States, which was adopted by the Northern District of New York in June 2018 to better protect personal and medical information of non-governmental parties, this Order will identify Plaintiff using only her first name and last initial.

No party has filed objections to the Report and Recommendation. For the reasons that follow, the Court adopts the Report and Recommendation in its entirety.

## II.   BACKGROUND

The Court assumes familiarity with the factual background detailed in the Report and Recommendation. *See* R. & R. at 2–3.

In his analysis, Judge Stewart addressed Plaintiff's contentions in turn. *Id.* at 6–12. Plaintiff argued that the ALJ erred in (1) accepting the vocational expert's testimony; (2) accepting the job numbers offered by the vocational expert, and (3) finding the opinion of Dr. David Bowman only partially persuasive. *Id.* at 6.

First, Judge Stewart discussed whether the ALJ erred in accepting the vocational expert's testimony regarding Plaintiff's ability to reach overhead. *Id.* at 6–9. Judge Stewart explained that "[i]n determining Plaintiff's [residual functional capacity ("RFC")], the ALJ limited Plaintiff to only occasional overhead reaching." *Id.* at 6. "Nonetheless, the vocational expert that testified at Plaintiff's hearing found that Plaintiff could perform the jobs of cleaner, retail marker, and mail sorter—all jobs that require more than occasional overhead reaching." *Id.* at 6–7. Judge Stewart found that even though the ALJ "explicitly identified the conflict between the imposed occasional reaching limitation and the jobs identified by the vocational expert," *id.* at 8, the ALJ failed to "undertake a meaningful investigatory effort to uncover apparent conflicts, beyond merely asking the vocational expert if there is one." *Id.* at 9 (cleaned up). Accordingly, Judge Stewart recommended remand on this ground. *Id.*

Second, Judge Stewart discussed whether the ALJ erred in accepting the job numbers offered by the vocational expert. *Id.* at 9–10. Judge Stewart explained that where, as here, job numbers from a vocational expert are "based on expertise and data calculations," the finding is

sufficient for the ALJ to rely upon. *Id.* at 10. Judge Stewart did not recommend remand on this ground. *Id.* at 10.

Third, Judge Stewart discussed whether the ALJ erred in finding Dr. Bowman's medical opinion only partially persuasive. *Id.* at 10–12. "Dr. Bowman opined that Plaintiff could perform light work for only two hours per day." *Id.* at 10. According to Judge Stewart, the ALJ explained that "Dr. Bowman's imposed restriction to light work was valid," but "the two-hour per day limitation [was] inconsistent with Plaintiff's activities of daily living and physical therapy records." *Id.* Judge Stewart found this to be a "proper evaluation" of Dr. Bowman's opinion, particularly because "the ALJ properly assessed the supportability and consistency factors." *Id.* Further, Judge Stewart found that "a review of the record shows that the RFC determination is supported by substantial evidence." *Id.* at 11. He did not recommend remand on this ground. *Id.* at 12.

In sum, Judge Stewart recommended remand only on the ground that the ALJ erred in accepting the vocational expert's testimony regarding Plaintiff's ability to reach overhead. *Id.* at 6–9.

### III.   LEGAL STANDARD

"Within fourteen days after being served with a copy [of the Magistrate Judge's report and recommendation], any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court." 28 U.S.C. § 636(b)(1)(C); *see also* L.R. 72.1. However, if no objections are made, a district court need only review a report and recommendation for clear error. *See DiPilato v. 7-Eleven, Inc.*, 662 F. Supp. 2d 333, 339 (S.D.N.Y. 2009) ("The district court may adopt those portions of a report and recommendation to which no timely objections have been made, provided no clear error is apparent from the face of

3

the record."). Clear error "is present when upon review of the entire record, the court is left with the definite and firm conviction that a mistake has been committed." *Rivera v. Fed. Bureau of Prisons*, 368 F. Supp. 3d 741, 744 (S.D.N.Y. 2019) (cleaned up). Upon review, a court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C).

## IV.   DISCUSSION

No party objected to the Report and Recommendation within fourteen days after being served with a copy of it. Accordingly, the Court reviews the Report and Recommendation for clear error. *See DiPilato*, 662 F. Supp. 2d at 339. Having found none, the Court approves and adopts the Report and Recommendation in its entirety.

## V.   CONCLUSION

Accordingly, it is hereby:

**ORDERED**, that the Report and Recommendation, Dkt. No. 24, is **APPROVED and ADOPTED in its entirety**; and it is further

**ORDERED**, that Plaintiff's motion for judgment on the pleadings, Dkt. No. 17, is **GRANTED**; and it is further

**ORDERED**, that Defendant's motion for judgment on the pleadings, Dkt. No. 23, is **DENIED**; and it is further

**ORDERED**, that the Commissioner's decision denying Plaintiff disability benefits be remanded for further proceedings; and it is further

**ORDERED**, that the Clerk serve a copy of this Memorandum-Decision and Order on all parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

5

DATED:	August 4, 2025
	Albany, New York

_____
LAWRENCE E. KAHN
United States District Judge